Glenn R. Kantor – SBN 122643
 E-mail: gkantor@kantorlaw.net
Sarah Demers – SBN 330090
 E-mail: sdemers@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
NATASHA MCPHERSON

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| NATASHA MCPHERSON,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY PLAN,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Natasha McPherson, herein sets forth the allegations of her Complaint against Defendants Metropolitan Life Insurance Company ("MetLife") and Bank of America Long Term Disability Plan (the "Plan").

## PRELIMINARY ALLEGATIONS

1.     "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is

1    predicated under these code sections as well as 28 U.S.C. § 1331, as this action

2    involves a federal question. This action is brought for the purpose of recovering

3    benefits, enforcing Plaintiff's rights, and to clarify Plaintiff's rights to future

4    benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief,

5    including but not limited to: payment of benefits, pre-judgment and post-judgment

6    interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and

7    costs.

8         2.    Plaintiff was, at all times relevant, an employee of Bank of America

9    ("Bank of America"), and a resident of Orange County, California.

10        3.    Plaintiff is informed and believes that Defendant MetLife is a

11   corporation with its principal place of business in the State of New York, authorized

12   to transact and transacting business in the Central District of California, and can be

13   found in the Central District of California. Plaintiff is informed and believes that the

14   Plan was funded in whole or in part via the purchase of an insurance policy from

15   MetLife. MetLife is the insurer of all or some portion of benefits under the Plan.

16   MetLife administered the claim, interpreted Plan terms, and issued a claim denial,

17   all while operating under a conflict of interest; and the bias this created adversely

18   affected the claims determination.

19        4.    Plaintiff is informed and believes that MetLife issued an insurance

20   policy to fund the benefits under the long term disability plan provided by Bank of

21   America for the benefit of its employees. Plaintiff is informed and believes that

22   MetLife identifies the group policy it issued to Bank of America as ID Number

23   22672374. (the "Policy"). Plaintiff is informed and believes that MetLife intended

24   that the subject Policy would result in coverage being provided to residents of the

25   State of California. Plaintiff is informed and believes that the Policy was issued on

26   or after January 1, 2012 and has a yearly Policy Anniversary Date.

27        5.    Plaintiff is informed and believes that Defendant Plan is an employee

28   welfare benefit plan regulated by ERISA, established by Bank of America, under

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

2

COMPLAINT

which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to benefits. Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to long-term disability ("LTD") benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Plan. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

6.     Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF

## AGAINST DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND BANK OF AMERICA LONG TERM DISABILITY PLAN FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS

## (29 U.S.C. § 1132(a)(1)(B))

7.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8.     At all times relevant, Plaintiff was employed by Bank of America Health, and was a covered participant under the terms and conditions of the Plan.

9.     During Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff was covered under the Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Plan due to, among other things, depression, anxiety, and panic attacks. Plaintiff ceased work on or about June 27, 2017.

10.     Pursuant to the terms of the Plan, Plaintiff made an LTD claim to MetLife. She was assigned claim number 701807160910. However, MetLife denied

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Plaintiff's claim, on the basis that it had not been provided sufficient medical information to her inability to perform her own occupation. Plaintiff timely appealed MetLife's decision, and submitted additional evidence to MetLife. MetLife considered the additional evidence, but by letter dated November 30, 2018, MetLife erroneously and wrongfully upheld its prior determination denying Plaintiff's claim for LTD benefits. Plaintiff has exhausted her administrative remedies. Defendants MetLife and the Plan breached the Plan and violated ERISA in the following respects:

(a)     They failed to pay LTD benefit payments to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendants had such knowledge, MetLife denied Plaintiff's LTD benefits;

(b)     They failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the effective denial of Plaintiff's claim for LTD benefits;

(c)     After Plaintiff's claim was effectively denied, MetLife failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(d)     They concealed and withheld from Plaintiff the notice requirements Defendants were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

(e)     They failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

11.    Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

12.    Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

13.    As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

14.    As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

15.    The wrongful conduct of Defendants has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.    Payment of disability benefits due Plaintiff;

2.    An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts

COMPLAINT

1    or submissions are to be considered;

2        4.        Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys'

3    fees incurred in pursuing this action;

4        5.        Payment of pre-judgment and post-judgment interest as allowed for

5    under ERISA; and

6        6.        Such other and further relief as this Court deems just and proper.

7

8    DATED: June 8, 2020                    KANTOR & KANTOR, LLP

9

10                                    By:    _____*/s/ Glenn R. Kantor*_____

11                                        Glenn R. Kantor
                                         Attorneys for Plaintiff,
12                                        NATASHA MCPHERSON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

6
COMPLAINT